UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CODY DANIEL BOND,<br><br>         Petitioner,<br><br>v.<br><br>JUDDSON M. KIRK, CDR-CO NCBM,<br><br>         Respondent. | Case No.: 20cv1816 DMS (JLB)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

  On September 14, 2020, Petitioner Cody Daniel Bond filed the present habeas corpus petition pursuant to 28 U.S.C. § 2241.[1]  On November 18, 2020, Respondent filed his response to the Petition, and on December 2, 2020, Petitioner filed his reply.  After reviewing the parties' briefs and the record on file herein, the Petition is denied for the reasons set out below.

///

---

[1] When the Petition was filed, Petitioner was in the brig at Marine Corps Air Station Miramar, thus the filing in this Court.  It appears Petitioner has since been released on supervision to Bryce Hartgrave, a federal probation officer in Cocoa, Florida. (ECF No. 7.)

# I.

# BACKGROUND

The facts underlying this case are set out in detail in the June 7, 2017 Opinion of the United States Air Force Court of Criminal Appeals ("AFCCA"). (ECF No. 1 at 28-44.[2]) Briefly stated, Petitioner engaged in nonconsensual sexual intercourse with KB, then Petitioner's wife, who, at the time, was two months post-partum. (*Id.* at 30.) It appears that after this incident, Petitioner and KB got into several arguments over their finances. (*Id.*) At the time, Petitioner and KB were living with KB's parents, both of whom eventually became involved in these arguments. (*Id.*) During one of these arguments, Petitioner told KB, "you're lucky I don't have my gun right now." (*Id.*) In a subsequent discussion with one of his co-workers, Petitioner made similar remarks about wanting to harm KB, which the co-worker reported to their supervisor. (*Id.* at 31.)

As a result of these events and others, Petitioner was charged with sexually assaulting KB (on two occasions), communicating a threat (on three occasions), and making a worthless check. (*Id.* at 24-25.) Petitioner pleaded guilty to making a worthless check, and was tried by a general court-martial on the other charges.[3] The members of the court-martial found Petitioner guilty of one specification of sexual assault, and two specifications of communicating a threat. Petitioner was found not-guilty on the other two specifications. The members of the court-martial sentenced Petitioner to a dishonorable discharge, confinement for ten years, and reduction to E-1.

Petitioner appealed his convictions to the AFCCA where he raised a number of arguments concerning the sufficiency of the evidence and errors on the part of the military judge. (*Id.* at 29.) The AFCCA set aside one of the specifications of communicating a threat on the ground the evidence was insufficient to support that specification, but

---

[2] The page number cited here and throughout this Order are the page numbers assigned by the Court's CM/ECF system.

[3] The trial took place on Joint Base San Antonio – Lackland Air Force Base in Texas.

otherwise affirmed the findings against Petitioner. (*Id.* at 32-36.) With that set aside, the AFCCA modified Petitioner's sentence to include confinement for a term of eight years and six months. (*Id.* at 43.) The other two aspects of the sentence were unchanged. (*Id.*)

Petitioner then filed a petition for review with the United States Court of Appeals for the Armed Forces, which was denied. (*Id.* at 45.)

More than four years after the General Court-Martial Order issued, Petitioner submitted a petition for a new trial to the Office of the Judge Advocate General ("OJAG") pursuant to Article 73, Uniform Code of Military Justice ("UCMJ"). (*Id.* at 46.) In a letter to Petitioner dated February 7, 2020, the OJAG stated, "Your petition was not filed within two years after approval by the convening authority of your court-martial sentence and is therefore untimely. We are returning it to you without action." (*Id.*)

## II.

## DISCUSSION

Petitioner raises four claims in the present Petition. First, he claims the finding of sexual assault is not supported by sufficient evidence based on newly discovered evidence. Second, Petitioner contends there was insufficient evidence to support the finding of communicating a threat. Third, he argues the judge committed error in allowing KB to testify about multiple "assaults" rather than the one assault for which he was convicted. Fourth, Petitioner asserts the judge committed error in his instructions to the members of the court-martial.

**A.     Legal Standard**

"Federal district courts have jurisdiction to review habeas corpus petitions challenging military convictions pursuant to 28 U.S.C. § 2241." *Montalvo v. Spencer*, No. 18-CV-1336 GPC BLM, 2020 WL 5106654, at *3 (S.D. Cal. Aug. 31, 2020). However, the scope of review in these cases is narrower than in other habeas proceedings "because of the peculiar relationship between the civil and military law." *Burns v. Wilson*, 346 U.S. 137, 139-140 (1953). As stated in *Burns*,

> Military law, like state law, is a jurisprudence which exists separate and apart from the law which governs in our federal judicial establishment. This Court has played no role in its development; we have exerted no supervisory power over the courts which enforce it; the rights of men in the armed forces must perforce be conditioned to meet certain overriding demands of discipline and duty, and the civil courts are not the agencies which must determine the precise balance to be struck in this adjustment. The Framers expressly entrusted that task to Congress.

*Id.* at 140 (footnotes omitted).

In carrying out that task, Congress revised the Articles of War and established the UCMJ. *Id.* Rigorous provisions in that system of jurisprudence "guarantee a trial as free as possible from command influence, the right to prompt arraignment, the right to counsel of the accused's own choosing, and the right to secure witnesses and prepare an adequate defense." *Id.* at 141. They "also establish a hierarchy within the military establishment to review the convictions of courts-martial, to ferret out irregularities in the trial, and to enforce the procedural safeguards which Congress determined to guarantee to those in the Nation's armed services." *Id.* Congress also "provided a special post-conviction remedy within the military establishment, apart from ordinary appellate review, whereby one convicted by a court-martial, may attack collaterally the judgment under which he stands convicted." *Id.*

Against that framework, the *Burns* Court stated, "In military habeas corpus cases, even more than in state habeas corpus cases, it would be in disregard of the statutory scheme if the federal civil courts failed to take account of the prior proceedings—of the fair determinations of the military tribunals after all military remedies have been exhausted." *Id.* at 142. Given Congress's provision that "these determinations are 'final' and 'binding' upon all courts," the Supreme Court held in *Burns* that the civil court's role is simply "to determine whether the military have given fair consideration" to the petitioner's claims. *Id.* at 144 (citing *Whelchel v. McDonald*, 340 U.S. 122 (1950)). *See also Sunday v. Madigan*, 301 F.2d 871, 873 (9th Cir. 1962) (citing *Burns*, 346 U.S. 147) (stating "once it has been concluded by the civil courts that the military had jurisdiction

and dealt fully and fairly with all such claims, it is not open to such courts to grant the writ simply to re-evaluate the evidence.")

### B.     Petitioner's Claims

Applying this legal standard to Petitioner's claims, it is clear he is not entitled to habeas relief.  Petitioner's second and third claims were presented to the AFCCA, which rejected the claims on the merits after full and fair consideration.  (ECF No. 1 at 32-36, 40.)  The AFCCA also rejected Petitioner's fourth claim alleging instructional error on the ground Petitioner's trial counsel did not object to the instruction.  Although that was not a ruling on the merits of the claim, this Court cannot say the military courts did not give the claim full and fair consideration.  *See Lips v. Commandant, U.S. Disciplinary Barracks*, 997 F.2d 808, 811 (10th Cir. 1993) (finding military court gave issue full and fair consideration where it found claim was waived due to counsel's failure to object during trial).

This leaves only Petitioner's first claim, which the OJAG denied because it was untimely.  (ECF No. 1 at 46.)  That ruling created a procedural bar against further review of the claim in this Court.  *See United States v. White*, No. ACM 31474(F REV), 1997 WL 643590, at *2 (A.F. Ct. Crim. App. Oct. 1, 1997) (declining to review untimely issues absent showing of good cause).  To overcome that procedural bar, Petitioner had to show cause and prejudice, *Lips*, 997 F.2d at 812, "'or demonstrate that the failure to consider the claim[ ] will result in a fundamental miscarriage of justice.'"  *Bennett v. Mueller*, 322 F.3d 573, 580 (9th Cir. 2003) (quoting *Noltie v. Peterson*, 9 F.3d 802, 804–05 (9th Cir.1993)).  Petitioner has not made either of those showings here.  Thus, this Court will not review Petitioner's first claim here.  *Lips*, 997 F.2d at 812 (citing *Watson v. McCotter*, 782 F.2d 143, 145 (10th Cir. 1986)).

/ / /

/ / /

/ / /

/ / /

## III.

## CONCLUSION AND ORDER

For the reasons set out above, Petitioner's request for habeas relief is denied.

**IT IS SO ORDERED**.

Dated: May 21, 2021

Hon. Dana M. Sabraw, Chief Judge
United States District Court